UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 17-5095
(C.A. No. 17-0310)

DAVID PULPHUS, et al., Appellants,

v.

STEPHEN T. AYERS, in his official capacity
as Architect of the Capitol, Appellee.

**APPELLEE'S MOTION**
**TO DISMISS APPEAL AS MOOT**

Appellee Stephen T. Ayers, in his official capacity as Architect of the Capitol ("Architect"), respectfully moves to dismiss as moot this appeal of the April 14, 2017 Memorandum Opinion and Order denying Appellants' motion for a preliminary injunction.[1] Appellants David Pulphus and U.S. Representative William Lacy Clay had sought an order requiring the Architect to rehang, in the tunnel connecting the Cannon House Office Building to the U.S. Capitol Building (i.e., the "Cannon Tunnel"), a painting created by Pulphus and sponsored by Representative Clay as part of the 2016 Congressional Art Competition. The Architect had removed the painting after concluding that it violated the competition's suitability guidelines.

---

[1] A copy of both the April 14, 2017 Memorandum Opinion and Order are attached.

The preliminary injunction motion asked the District Court to order the Architect to reverse that decision and rehang the Pulphus painting "until the expiration of the 2016 Competition display period or the conclusion of this litigation on the merits, whichever is sooner." R.7 at 1. This request for preliminary injunctive relief is now moot, because since the District Court's denial of the motion, the exhibition of art from the 2016 competition has ended and all of the exhibition's artwork has been removed from the Cannon Tunnel wall. Moreover, Pulphus is ineligible to participate in future competitions because he has graduated from high school, and the Architect is no longer responsible for enforcing the annual competition's suitability guidelines. For these reasons, as demonstrated below, the Court should dismiss this appeal as moot.

## BACKGROUND AND PROCEDURAL HISTORY

Each year since 1982, Congress has displayed selected artwork of high school students in an exhibition called the Congressional Art Competition. See R.11-1 at 27, Declaration of Stephen T. Ayers ("Ayers Decl."), Ex. B at 2.[2] The competition features the winning artwork of one high school student per participating congressional district, which for a year is hung on the Cannon Tunnel wall. The exhibits also are usually simultaneously displayed for a year on the

[2] Citations to "R." followed by a number are to the corresponding numerical entry in the District Court's docket.

House of Representatives' webpage for the Congressional Art Competition, which is not controlled by the Architect. Id.

The annual Congressional Art Competition is subject to certain guidelines, promulgated by the House Office Building Commission,[3] in order "to assure that the dignity and appearance of the Capitol Buildings are maintained." R.11-1, Ayers Decl., ¶ 7 & Ex. 3. As relevant here, the 2016 competition's suitability guidelines prohibited "exhibits depicting subjects of contemporary political controversy or a sensationalistic or gruesome nature." Id. ¶ 11 & Ex. 6. The rules provided that the Architect, as chair of a reviewing panel, was responsible for giving final approval for each exhibit. Id.

In May of 2016, Representative Clay, after convening a selection panel of local artists, selected the Pulphus painting—named "Untitled #1"—to represent Missouri's First Congressional District in the Cannon Tunnel. See R.1, ¶¶ 31-32. The painting depicts, among other things, a protest where two police officers face a young man with their guns drawn in a standoff. Id. ¶ 29. Both the young man and the officers have animalistic features: the officers appear to have the heads of warthogs, while the young man has the head of a wolf and a long tail. Id.

[3] The House Office Building Commission consists of the Speaker and two Members appointed by the Speaker. See 2 U.S.C. § 2001.

For the 2016 competition, the Architect convened a review panel and began setting aside any exhibits that exceeded the competition's sizing guidelines. See R.11-2 ¶ 3, Declaration of Michele Cohen, ¶ 3. Due to its oversized frame, the Architect set aside Pulphus' painting until its frame could be removed. The Architect's staff did not see the painting again until Representative Clay's staff brought it—sans frame—to the Cannon Tunnel for hanging. Id. ¶ 13.

Seven months after the Pulphus painting was displayed, and after the painting had been removed several times by Members of Congress, who objected to its content, and rehung each time by Representative Clay, the Architect received a request to review the painting against the 2016 competition's suitability guidelines. R. 11-1, Ayers Decl., ¶ 20 & Ex. 10. The Architect obliged and—after conferring with the Architect Curator and outside industry experts—ultimately decided that the painting failed to meet the competition's suitability guidelines. Id. Accordingly, the Architect authorized the removal of the painting. Id. at ¶¶ 23-24. Representative Clay appealed to the House Office Building Commission, which upheld the Architect's decision. See id. ¶ 28.

**The District Court's Preliminary Injunction Decision**

On February 21, 2017, Representative Clay and Pulphus filed a Complaint against the Architect for declaratory and injunctive relief, claiming that the removal of the painting violated their First Amendment rights. Three days later,

Representative Clay and Pulphus moved for a preliminary injunction, requesting that the Court issue an order requiring the Architect to: (1) reverse his disqualification decision; (2) rehang the painting "until the expiration of the 2016 Competition display period or the conclusion of the litigation on the merits, whichever is sooner"; and (3) protect the "integrity" of the exhibit and ensure that the painting would not be removed without his prior approval. R.7 at 1-2. Representative Clay and Pulphus conceded that the painting was only eligible for display until May 2017 and that, "[a]ccordingly, less than four months remain during which the Painting could be displayed in the Cannon Tunnel." Id. at 2.

The Architect opposed the preliminary injunction motion on the grounds that the Congressional Art Competition constitutes government speech and, consequently, neither Representative Clay nor Pulphus had any First Amendment right to have the Pulphus art displayed in the Cannon Tunnel. R.11 at 10-11. The District Court agreed. R.16. [4]

Applying the Supreme Court's test for government speech in Walker v. Sons of Confederate Veterans, 135 S. Ct. 2239, 2245 (2015), and Pleasant Grove City v. Summum, 555 U.S. 460, 469 (2009), and this Court's decision in People for the Ethical Treatment of Animals v. Gittens, 414 F.3d 23, 30 (D.C. Cir. 2005)

---

[4] The Architect also argued that Representative Clay and Pulphus lacked standing, but the District Court found that Pulphus had standing and did not resolve Representative Clay's standing. R.16, Mem. Op. at 8-10.

("PETA"), the District Court evaluated: (1) the traditional use of the medium (i.e., the Congressional Art Competition); (2) whether the public would reasonably interpret the government as the "speaker" regarding the chosen competition art exhibits; and (3) the amount of editorial control exercised by the government regarding the competition. R.16, Mem. Op. at 13-14, 24.

Although the District Court deemed evidence on the first factor – the traditional use of the medium – inconclusive, the Court found that "the federal government has traditionally acted as an arts patron, which does convey a kind of message about the government's support for art – or at least the art the government chooses to sponsor." Mem. Op. at 15 (emphasis in original). Moreover, and significantly, the Court readily concluded that the balance of the remaining two factors (the public's interpretation of the government as the speaker and editorial control) weighed in favor of a finding of government speech and, therefore, against granting a preliminary injunction. See Mem. Op. at 24. The Court observed that the competition is entitled the "Congressional Art Competition," that the art is chosen by Members of the House of Representatives acting in their official capacities, that the artists must release control of their art to the House Members during the term of the exhibition, and that the art is displayed in the Cannon Tunnel, which is not generally open to the public, labeled with both the artist's and the sponsoring House Member's name. Mem. Op. at 16-17, 20, 22. The Court

concluded that it was "easy" to believe that the general public would associate the art competition with the government, and further found that the government maintained sufficient editorial control through its selection process and suitability guidelines. Id. at 17-20.

Based on the foregoing analysis, the District Court held that Appellants were unlikely to prevail on the merits of their First Amendment claim, because the Congressional Art Competition constitutes government speech not subject to the First Amendment. Mem. Op. at 25. Because the Court concluded that Appellants suffered no loss of any First Amendment rights, which formed the basis of their claim of irreparable injury, the Court also held that Appellants had failed to demonstrate any irreparable harm. Id. at 25-26.

Next, the District Court concluded that the balance of harms and the public interest similarly counseled against granting a preliminary injunction because the Architect's removal of the painting was likely constitutional. Id. at 26. Finally, the Court noted that granting a preliminary injunction would harm the government by interfering with its ability to control the content of its own speech. Id.

**Conclusion of the 2016 Exhibition**

Shortly after the District Court issued its opinion, the 2016 competition officially concluded in May, 2017. See Supplemental Declaration of Stephen T.

Ayers ("Supp. Ayers Decl."), attached, ¶¶ 2-3.[5] On May 1, 2017, the Architect began removing exhibits from the Cannon Tunnel and, presently, no exhibits entered into the 2016 competition are on display in the Cannon Tunnel. Id. at 3. In addition, there are no images of the 2016 competition exhibits on the House of Representatives' webpage for the Congressional Art Competition. Id. ¶ 10.

The selection process for the 2017 competition is currently underway, and the 2017 exhibition is scheduled to begin this month (June 2017). Supp. Ayers Decl., ¶ 4. The House Office Building Commission has revised its guidelines for the 2017 competition. Under the new guidelines, the Architect no longer evaluates exhibits against the competition's suitability guidelines. Rather, each Member must personally determine and certify that the winning artwork selected by the Member satisfies the suitability guidelines. Any dispute regarding the application of those guidelines is now the sole responsibility of the House Office Building Commission to resolve, and will only take place if requested by a Member of Congress. Id.

**ARGUMENT**

Appellants' request for a preliminary injunction has been rendered moot by

[5] The attached Supplemental Ayers Declaration provides the Court with information about developments since the District Court's denial of the preliminary injunction motion—specifically, the current status of the 2016 Congressional Art Competition and changes to the Architect's role in future competitions.

the passage of time. The 2016 Congressional Art Competition officially concluded in May 2017. All exhibits associated with the 2016 competition have been permanently removed, and the 2017 competition exhibits are in the process of being displayed. Likewise, the House of Representatives' webpage for the Congressional Art Competition has removed all images of the 2016 exhibition in anticipation of the 2017 exhibition. Supp. Ayers Decl., ¶ 9. Because the preliminary injunction motion was directed at having Pulphus' painting displayed during the 2016 exhibition, and that exhibition is now over, the pending appeal from the District Court's denial of the motion no longer presents any live controversy for this Court to decide. Accordingly, this appeal should be dismissed as moot.

**1. The Conclusion of the 2016 Exhibition Renders This Appeal Moot.**

Pulphus and Representative Clay moved for a preliminary injunction directing the Architect to reverse his decision disqualifying the painting and to "rehang [Pulphus'] Painting in the Cannon Tunnel alongside the other winning entries until the expiration of the 2016 Competition display period or the conclusion of this litigation on the merits, *whichever is sooner*." R.7 at 1 (emphasis added). In confining the scope of the requested preliminary injunctive relief to the duration of the 2016 exhibition, Appellants expressly acknowledged

that the painting "is eligible for display only until the end of May, 2017" and that it "could be displayed in the Cannon Tunnel" only during that period. Id. at 2.

The requested relief can no longer be granted, because the 2016 exhibition has ended and the artworks selected for the exhibition have been permanently removed from the Cannon Tunnel to make way for the 2017 competition. The request to reverse the disqualification decision is merely the predicate to Appellants' request to rehang the painting in the 2016 exhibition, and is therefore likewise rendered moot by the conclusion of the exhibition. Consequently, this appeal of the denial of the preliminary injunction motion should be dismissed as moot. See Mahoney v. Babbitt, 113 F.3d 219, 220-21 (D.C. Cir. 1997) (passage of inauguration parade day rendered appeal of First Amendment issue moot); see also PETA, 396 F.3d at 420 (after conclusion of art display, the First Amendment claims were moot).[6]

When "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a case becomes moot, and the courts no longer have jurisdiction over the matter. American Bar Ass'n v. FTC, 636 F.3d 641, 645 (D.C. Cir. 2011)

[6] Appellants also requested that the District Court preserve the integrity of the 2016 exhibition and ensure that the Pulphus painting, once rehung, was not removed again during the 2016 exhibition. R. 7 at 1-2. Given that this request was ancillary to the request to have the painting rehung, it is now moot as well.

(*citing* Clarke v. United States, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (en banc) (quotation marks omitted)); see also Preiser v. Newkirk, 422 U.S. 395, 401 (1975). This appeal comes squarely within the ambit of that rule. The conclusion of the 2016 exhibition means that Appellants' interest in having the Pulphus painting displayed in that exhibition has expired. Appellants' motion failed to identify any other injury that would be redressed by the requested preliminary relief. And even without a preliminary injunction, Pulphus is free to represent that his artwork was selected by his Representative as the winner of the 2016 Congressional Art Competition for his district and was hung on the Cannon Tunnel wall. As a result, this appeal is moot. See American Bar Ass'n, 636 F.3d at 645.

The fact that the preliminary injunction motion presented a live controversy when the motion was filed, and when the District Court ruled on the motion, does not alter the mootness of this appeal. For courts to have jurisdiction over a matter under Article III of the U.S. Constitution, "'an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'" Kingdomware Technologies, Inc. v. United States, 136 S. Ct. 1969, 1976 (2016) (*quoting* Already, LLC v. Nike, 133 S. Ct. 721, 726 (2013)); Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997); Preiser v. Newkirk, 422 U.S. at 401. Even if a case was live when the District Court entered judgment, an appellate court "lack[s] jurisdiction to evaluate the merits of the district court's

substantive holdings" if the case becomes moot on appeal. Larsen v. U.S. Navy, 525 F.3d 1, 3 (D.C. Cir. 2008); Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Accordingly, "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant[,]" "an appeal should . . . be dismissed as moot." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (internal quotation marks and citation omitted).

Here, because the preliminary injunctive relief sought by Representative Clay and Pulphus can no longer be granted, this Court lacks jurisdiction to review the instant appeal. Kingdomware Technologies, Inc. v. United States, 136 S. Ct. at 1975-76. And even if Appellants could identify some surviving interest in the District Court's denial of the preliminary injunction motion in these circumstances, it would be so attenuated and remote as to warrant the exercise of this Court's remedial discretion to forgo review of the constitutional issue here. See Community for Creative Non-Violence v. Hess, 745 F.2d 697, 702 (D.C. Cir. 1984) (exercising discretionary judicial authority to forgo decision on First Amendment claim where dispute was significantly attenuated); Chamber of Commerce v. DOE, 627 F.2d 289, 291 (D.C. Cir. 1980).

### 2. The Controversy Between the Parties Is Not Capable of Repetition.

The Supreme Court recognizes an exception to the mootness doctrine for cases that are "'capable of repetition, yet evading review.'" Kingdomware

Technologies, Inc. v. United States, 136 S. Ct. at 1976 (*quoting* Spencer v. Kemna, 523 U.S. 1, 17 (1998)). This exception applies only in the "'exceptional situation,'" id., "where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Cierco v. Mnuchin, No. 16-5185, 2017 WL 2231107, at *5 (D.C. Cir. May 23, 2017) (emphasis added) (*quoting* Davis v. FEC, 554 U.S. 724, 735 (2008)). The plaintiff has the burden of making "a reasonable showing that he will again be subjected to the alleged illegality," Los Angeles v. Lyons, 461 U.S. 95, 109 (1983), and "[a] controversy 'is capable of repetition' only if 'the same parties will engage in litigation over the same issues in the future.'" Senate Permanent Subcomm. on Investigations v. Ferrer, 856 F.3d 1080, 1088 (D.C. Cir. 2017) (emphasis added) (*quoting* Pharmachemie B.V. v. Barr Labs., Inc., 276 F.3d 627, 633 (D.C. Cir. 2002)). Here, the record forecloses any reasonable possibility that either Pulphus or Representative Clay will be ever again subject to the same "alleged illegality," Lyons, 461 U.S. at 109, much less that "the same parties will engage in litigation over the same issues[.]" Ferrer, 856 F.3d at 1088.

As noted above, Pulphus is no longer eligible for the Congressional Art Competition. The Competition is expressly limited to high school students or, in some cases, seventh and eighth graders. See R.11-1 (Ayers Decl., ¶ 6 & Ex. 2);

Supp. Ayers Decl., ¶¶ 6-7. Pulphus has already graduated from high school, R.1 (Complaint ¶ 4), and is currently attending college (R.7-1 at 13). Consequently, Pulphus' claims are plainly incapable of repetition.

As for Representative Clay, because Pulphus is now an ineligible participant, the Representative may not submit the Pulphus painting for future competitions. Indeed, Representative Clay has already selected a submission for the 2017 Congressional Art Competition. Supp. Ayers Decl., ¶ 8.

More importantly, the House Office Building Commission recently changed the competition's guidelines to remove the Architect from his prior role of enforcing the competition's suitability guidelines. Id. ¶ 4 & Ex. 1. Now, such decisions will be made solely by individual members and, in disputed cases, by the House Office Building Commission. Id. As a result, even if there were "a 'reasonable expectation' or 'demonstrated probability'" (Ferrer, 856 F.3d at 1088) that a future selection by Representative Clay would be disqualified on the basis of the suitability guidelines—and there is not—any grievance in connection with future competitions will be decided by the Commission, not the Architect.

Appellants chose to name the Architect as the sole defendant in this litigation to the exclusion of the House Office Building Commission, notwithstanding Representative Clay's unsuccessful appeal to that Commission. See R.13 at 6-7. Accordingly, the instant dispute cannot arise between the same

parties in the future due to the Architect's discontinued involvement in suitability determinations. See Kingdomware Technologies, Inc. v. United States, 136 S. Ct. at 1976; Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (capable of repetition yet evading review exception inapplicable where "no demonstrated probability" that the same party would be involved in dispute).

Therefore, the controversy between the parties is not capable of repetition. Under such circumstances, this appeal should be dismissed as moot.

## CONCLUSION

For all these reasons, Appellee respectfully requests the Court to dismiss this appeal of the District Court's decision as moot.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

R. CRAIG LAWRENCE
Assistant United States Attorney

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
Assistant United States Attorney

*/s/ Christopher C. Hair*
CHRISTOPHER C. HAIR
Special Assistant United States Attorney

SCOTT R. MCINTOSH
Appellate Counsel
Constitutional Litigation
Civil Division

**CERTIFICATE OF COMPLIANCE**
**FRAP 32(g)(1)**

I HEREBY CERTIFY that the text for Appellee's Motion to Dismiss Appeal as Moot was prepared using Times New Roman, 14-point font and contains 3292 words.

/s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2017, the foregoing Appellee's Motion to Dismiss Appeal as Moot has been served by this Court's Electronic Case Filing System ("ECF").

/s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
Assistant United States Attorney